**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **NO. 3:14-MJ-731-BF** |
| ) | |
| **JUAQUAI GREGG** ) | |

**DETENTION ORDER**

Juaquai Gregg (Defendant) is charged by criminal complaint with kidnaping in violation of 18 U.S.C. § 1201(a)(1). He was arrested and made his initial appearance on November 5, 2014. The Government moved to detain Defendant. After consulting with counsel, Defendant knowingly and voluntarily waived his right to a probable cause hearing and moved for a continuance of the detention hearing. The Court granted the motion and ordered Defendant detained temporarily.

On November 10, 2014, Defendant appeared in person and through counsel for a detention hearing. After considering the testimony of the Government's witness and the Defendant's witness, the argument of counsel, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), the Court finds that the Government has met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142 (f)(2) (setting forth standard as clear and convincing evidence). The government's witness testified that in November 2012, Defendant helped chase down a victim and forced him into a car, and that he then followed that car with another co-defendant in a separate car. The victim was driven to an apartment complex and forced into an apartment at gunpoint. There, he was stripped naked, beaten, and tortured with a hot skillet and oil. Defendant was arrested on state charges of

kidnaping a short time later.  He was ultimately released on bond on April 1, 2014, and his conditions of release included home arrest with electronic monitoring, employment, no contact with co-defendants, and no use of drugs, alcohol or deadly weapons.  Defendant's state supervising officer testified that after he received permission to go get a haircut, he went to a smoke shop next door to the barbershop, where a co-defendant worked.  He also went to other locations that were not authorized.  He has not been steadily employed, went to an event without prior permission, and used another person's prescription cough syrup despite knowledge that he was violating his conditions of release.  His criminal history includes probation revocations and bond forfeitures.

Given the nature and circumstances of the offense; the weight of the evidence against Defendant; the characteristics of the Defendant; and the nature and seriousness of the danger to any person or the community posed by Defendant's release, the Court finds that the Government has met its burdens of persuasion.  Accordingly, the Government's motion for detention is **GRANTED**.

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which

Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

Signed this 10th day of November, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE