UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0451-B-3 |
| | § | |
| JUAQUAI GREGG, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Juaquai Gregg's Motion for Compassionate Release (Doc. 529). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Gregg pleaded guilty to conspiracy to commit kidnapping, the Court sentenced him to 168 months of imprisonment and three years of supervised release. Doc. 272, J., 1–3. Gregg, who is now thirty-nine years old, is serving his sentence at Bastrop Federal Correctional Institution (FCI). His scheduled release date is May 20, 2025.[1] As of April 27, 2021, Bastrop FCI reports zero active and 440 recovered cases of COVID-19 among its inmates.[2] On March 23, 2021, Gregg filed the

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed April 27, 2021).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed April 27, 2021).

-1-

pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 529, Def.'s Mot., 1. The Court reviews Gregg's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Gregg Has Not Demonstrated Proof of Exhaustion.*

Gregg's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain

Gregg alleges that he "put in a request to the warden asking for a sentence reduction/[c]ompassionate [r]elease but [he] was denied[.]" Doc. 529, Def.'s Mot., 1. However, Gregg does not provide any proof of his request or the warden's receipt of it. *See generally id.* Without such evidence, Gregg has not proven that he complied with the exhaustion requirement, and the Court thus **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.  *Gregg Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Gregg exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, —F.3d—, 2021 WL 1291609, at *2 (5th Cir. Apr. 7, 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy

---

text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 2021 WL 1291609, at *4 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding). Considering Gregg's motion in light of § 1B1.13 and applying its discretion, the Court concludes that Gregg has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

Gregg states that he previously tested positive for COVID-19 but concedes that he "ha[s] no

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

health issues[.]" Doc. 529, Def.'s Mot., 1. Instead, he bases his request for compassionate release on his purported rehabilitation. Gregg claims that has "been doing everything in [his] power to be a better individual." *Id.* For example, he claims that he has no incident reports and that his good behavior has resulted in his placement in a low-security facility. *Id.* He also states he has "completed several programs/classes" and "obtained a GED since being" incarcerated at Bastrop FCI. *Id.* And finally, he claims to be "part of a program" for which his "job is to watch and monitor [inmates] that are on suicide watch." *Id.* However, Gregg's purported rehabilitation cannot serve as an extraordinary and compelling reason for his release.

As discussed, "Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." *Shkambi*, 2021 WL 1291609, at *3. However, "[i]t provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* (quoting 28 U.S.C. § 994(t)). Thus, Gregg's rehabilitation—the sole basis for his request for compassionate release—cannot constitute an extraordinary and compelling reason for his release, and the Court **DENIES** his motion **WITHOUT PREJUDICE.**

## IV.

## CONCLUSION

Gregg's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Gregg's motion (Doc. 529) **WITHOUT PREJUDICE**.

By denying Gregg's motion without prejudice, the Court permits Gregg to file a subsequent

motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Gregg fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED.**

**SIGNED: April 27, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE