UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0451-B-3 |
| | § | |
| JUAQUAI GREGG, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Juaquai Gregg's Motion to Reduce Sentence (Doc. 542). For the following reasons, Gregg's Motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Gregg pleaded guilty to conspiracy to commit kidnapping, the Court sentenced him to 168 months of imprisonment and three years of supervised release. Doc. 272, Judgment, 1–3. Gregg is now 43 years old and is a federal inmate at Residential Reentry Management Dallas ("RRM") with a statutory release date of June 30, 2025.[1]

Gregg filed a Motion to Reduce Sentence (Doc. 542), which was accompanied with a Proposed Release Plan (Doc. 543). He argues that his "serious functional and cognitive impairments," and "other extraordinary and compelling reasons" support reducing his sentence. Doc. 542, Mot., 4–5.[2] For "other extraordinary and compelling reasons," he cites COVID-19

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last accessed November 5, 2024).

[2] The citations to Gregg's Motion for Compassionate Release (Doc. 542; Doc. 543) refer to the pagination on the Case Management/Electronic system.

concerns and his rehabilitation. *Id.* at 5. Finally, Gregg argues that a "new bill that has passed dealing with [a] Criminal History Amendment" warrants compassionate release because if he were to be sentenced today, his sentence would be lower. *Id.* at 5. The Court considers the Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3353(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d. 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A defendant seeking compassionate release has the burden "to convince the district judge to exercise discretion to grant the motion." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (quotations omitted).

## III.

## ANALYSIS

As explained below, the Court denies Gregg's request for compassionate relief because he has not demonstrated extraordinary and compelling reasons for a sentence reduction. The Court also denies Gregg's request for Court-appointed counsel.

A.      *Gregg is Not Entitled to Appointment of Counsel.*

Gregg's request for appointment of counsel is denied. Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under

§ 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue." *E.g.*, *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.), *aff'd*, 829 F. App'x 73 (5th Cir. 2020). However, the Fifth Circuit has found that there is "no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). This has been interpreted and accepted by courts to "logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *E.g.*, *United States v. Dirks*, No. 3:14-CR-0374-L-3, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020) (Lindsay, J.); *see also United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curiam) (finding no abuse of discretion when the district court denied a defendant's motion for appointed counsel under § 3582(c)(1)A)).

Nonetheless, the Court has discretion to appoint counsel when it determines that the "interest of justice" requires it. *See Diaz*, 2023 WL 1879404, at *3. Here, Gregg's Motion presents straightforward issues regarding whether his circumstances constitute extraordinary and compelling reasons justifying compassionate release. *See United States v. Smith*, No. 3:18-CR-0482-B-5, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.) (finding the defendant was not entitled to appointed counsel because his claims were not legally or factually complex); *United States v. Wagner*, No. 4:18-CR-155(1), 2021 WL 2118420, at *2 (E.D. Tex. May 25, 2021) (same). Moreover, Gregg's Motion provides no support that appointing counsel would "benefit him or the court in addressing his motion." *United States v. Johnson*, No. 9:10-CR-26, 2023 WL 2479595, at *2 (E.D. Tex. Mar. 10, 2023). Accordingly, the Court finds that Gregg is not entitled to appointment of counsel.

B.   *Gregg's Motion for Compassionate Release is Denied.*

Although Gregg showed proof of exhaustion, he did not demonstrate extraordinary and

compelling reasons why the Court should reduce his sentence. So the Court denies his Motion.

    1.    <u>Gregg Has Shown Proof of Exhaustion</u>.

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Gregg has satisfied the exhaustion requirement. He attaches an email from the warden that shows he requested compassionate release on August 23, 2023, and the warden denied his request. *See* Doc. 543, Proposed Release Plan, 10–11. Gregg has thus exhausted all his administrative remedies, so the Court next proceeds to the merits.

    2.    <u>Gregg Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release</u>.

Gregg has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (quotations and alterations omitted).

Before Congress passed the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (internal citation omitted). These include the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1. The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances. *Id.* But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93. While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("[T]he commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

The Court concludes Gregg has not shown "extraordinary and compelling reasons" warranting compassionate release. In his Motion, Gregg contends he has a "serious functional or cognitive impairment" and that "there are other extraordinary and compelling reasons for [his] release." Doc. 542, Mot., 4. The Court considers these arguments in turn.

First, to support that he has a "serious functional or cognitive impairment," Gregg explains that the loss of his mother has caused him to feel "unbearable pain" and that the prison cannot treat this condition. *Id.* at 5. While the Court sympathizes with Gregg and recognizes the pain of losing his mother, his loss, as stated, does not show a serious functional or cognitive impairment warranting compassionate release. Gregg has not explained how or provided any evidence that the prison is

ineffectively treating his mental health conditions. *See United States v. Carter*, No. 10-00230-01, 2021 WL 1688160, at *3 (W.D. La. Apr. 27, 2021) (denying compassionate release when Defendant had "not shown that BOP cannot adequately treat" his alleged conditions); *United States v. Hoskin*, No. 417CR500 HEA, 2020 WL 7624844, at *2–3 (E.D. Mo. Dec. 22, 2020) (denying compassionate release when the defendant offered "no evidence or detailed allegations" when he alleged "that BOP officials do not treat his mental health issues"). Gregg offers no evidence to show that BOP cannot adequately treat his condition.

Gregg has also not established a medical condition as defined by the § 1B1.13 policy statement. The policy statement defines a medical condition that could constitute an extraordinary and compelling circumstance as one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Gregg has not shown his mental health concerns "substantially" diminish his ability to provide for self-care. *See* § 1B1.13 cmt. n.1(A)(ii).

Next, Gregg cites his fear of contracting a new COVID strain as an extraordinary and compelling reason warranting compassionate release. Doc. 542, Mot., 4. This argument also fails. Gregg briefly mentions that he "fear[s] contracting covid from [his] last time having it during the last pandemic." *Id.* at 5. The Court did not find any data on RRM's COVID case count, but in his Motion, Gregg concedes there have not been any cases of the new strand yet. *Id. See also United States v. Orozco Juarez*, No. 3:20-CR-0529-B-1, 2023 WL 4826215, at *3 (N.D. Tex. July 27, 2023) (Boyle, J.) (finding low rates of COVID infections at the prison undermined the defendant's claim about possible risks from COVID). And the Fifth Circuit has been clear that fear of COVID alone does not warrant compassionate release. *See Thompson*, 984 F.3d at 435. Further, as Gregg acknowledges,

he has previously had COVID and fully recovered from it. *See* Doc. 529, Mot., 1; *see also United States v. Hernandez*, No. 4:17-CR-91, 2021 WL 141275, at *6 (E.D. Tex. Jan. 14, 2021) ("Courts have repeatedly denied COVID-19 based motions for compassionate release filed by inmates who have already contracted and recovered from the virus.") (citations omitted).

Gregg also raises his personal rehabilitation as grounds for compassionate release. Doc. 542, Mot., 4; *see generally* Doc. 543. But this, too, fails. Gregg highlights how he has completed several programs while in prison. Doc. 543, Proposed Release Plan, 6. While the Court is pleased to hear about Gregg's commendable efforts and achievements during his time with the BOP, rehabilitation alone does not warrant compassionate release under § 3582(c)(1)(A). *See Shkambi*, 993 F.3d at 391. Since Gregg has not presented any facts that establish "extraordinary and compelling" reasons for compassionate release, his rehabilitation argument fails. *See Soto*, 2021 WL 3682196, at *7.

Finally, Gregg argues that a new law would result in a lesser sentence if he were to be sentenced today. Doc. 542, Mot., 5. Under § 1B1.13(b)(6), a change in law could constitute extraordinary and compelling circumstances. Courts may consider whether non-retroactive changes in the law contribute to a showing of "extraordinary and compelling reasons if: (1) the defendant has served at least ten years of the term of imprisonment; (2) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed; and (3) the defendant's individualized circumstances support compassionate release." *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024).

Here, although Gregg has served at least ten years of his sentence, any changes in the law would not produce a gross disparity in his sentence and the sentence he would have received if he were sentenced today. Under Part C of Amendment 821, "[a] downward departure from the

defendant's criminal history category may be warranted" if "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use." U.S. SENT'G GUIDELINES MANUAL § 4A1.3 cmt. n.3. Part C of Amendment 821 to the Sentencing Guidelines is non-retroactive,[3] so this change could constitute an extraordinary and compelling reason warranting a sentence reduction if the change would create a gross disparity in the sentencing Gregg received when compared with the sentence he would have received today.

Gregg argues that his guideline sentence would be lower if he were sentenced today because his Presentencing Report adds six points total for three separate marijuana charges, each of which added two points to his criminal history category. Doc. 542, Mot., 5. Gregg's Presentencing Report indicates that his guidelines were calculated based on a total offense level of 31, and Criminal History Category V. This resulted in a guidelines range of 168 to 210 months. *See* U.S. SENT'G GUIDELINES MANUAL § 5A. Even calculating Gregg's guidelines absent any of his six points for marijuana charges, Gregg would have been in Criminal History Category IV. The guidelines range for an offense level of 31 under Category IV is 151 to188 months. Gregg was sentenced to 168 months, meaning that his sentence fell within the guidelines range even if Amendment 821 were applied retroactively. Therefore, the Court finds no gross disparity in the sentence imposed and the sentence that would have been imposed today.

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense,"

---

[3] See Amendment to the Sentencing Guidelines, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf (noting only that Parts A and B of Amendment 821 apply retroactively).

"promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Because Gregg fails to show extraordinary and compelling reasons for release, the Court need not consider these factors today.

## IV.

## CONCLUSION

For the foregoing reason, Gregg's Motion for Compassionate Release (Doc. 542) is **DENIED WITHOUT PREJUDICE**. By denying Gregg's Motion without prejudice, the Court permits Gregg to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support his release.

**SO ORDERED.**

**SIGNED: December 12, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE